Daniels, J.
The action is brought to partition real estate ■owned by Charles W. Durant in his lifetime, and devised "by his will to the parties to the action. The plaintiff was the owner in her own right of one-twentieth, and the Farmers’ Loan and Trust Company held as trustees for her benefit, four-twentieths, and the other fifteen-twentieths were equally divided between the three defendants, Charles W., Frederick C. and Howard M. Durant. The defendant, Frederick C. Durant, had collected the rents of the property under a power of attorney executed for that purpose to him, and after the decease of the testator, under an agreement made between the parties, by which the will was to be admitted to probate. That management of the estate under this authority has been assailed as improper, devoted more to the promotion of his own interests than that of the plaintiff in this action, and the objection so taken is not wholly devoid of support. For most of the property was diverted by means of a lease to the use of a corporation, in which this defendant was largely interested. The plaintiff, therefore, had reason for believing that his management of the estate would be adverse to her own interests in it, and that the other owners in common were disposed to regard his conduct in no unfavorable light. The property yielded a large amount ■of rents and profits, and it was the right of the plaintiff to be secured in their disposition, so far as she was entitled to be benefited by them.
By the agreement which was made between the parties •on the 16th of June, .1885, it was agreéd that this defendant should collect the rents and income of the real estate which became due after the decease of the testator, and pay the taxes and other necessary disbursements required to maintain the property, and pay over to the other parties their respective shares of the amounts. But it was further .agreed between them that this should be continued to the time of the commencement of a partition suit which it was contemplated would be commenced for the division of the property. After that it was provided that “the rents and income aforesaid shall be collected as the court shall direct.”
By this part of the agreement it appears to have been understood by the parties, that after the commencement of an action for the partition of the property, the rents and income should only be collected under the authority of the court, and there is but one mode through which this authority can be exercised, and that is by the appointment of a receiver.
The case in both these respects is distinguishable from those which have been relied upon to support the appeal. For the appointment of a receiver has not only become nec *129 -essary to certainly preserve and maintain the rights and interests of the parties, but such appointment entered into their expectation and agreement as that was made, from "the time when the action of partition should be commenced. This is such an action as was designed to place the collection of the rents and income under the control of the court and the appointment which has been made for the collection .and preservation of the rents and profits proceeds no further than by the agreement itself, which it was designed should be extended.
The order from which the appeal has been taken shall be affirmed with the usual costs and disbursements.
Brady and Churchill, JJ., concur.